IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JOHNNY FELLS                                                                                PLAINTIFF

V.                                                                    Civil No. 1:12-cv-00028-HSO-RHW

HARTFORD LIFE AND ACCIDENT                                                DEFENDANT
INSURANCE COMPANY

## MEMORANDUM OPINION AND ORDER
## DENYING DEFENDANT'S MOTION TO REMAND

This matter, governed by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001, *et seq.*, comes before the Court upon Defendant's Motion to Remand [13] this case to the claims administrator. Plaintiff has filed a Response [14], and Defendant has filed a Reply [17]. The Court, having considered the pleadings on file, the briefs and arguments of the parties, and the relevant legal authorities, finds that Defendant's Motion to Remand should be denied.

### I. FACTS AND PROCEDURAL HISTORY

Plaintiff was employed by FedEx Freight East, Inc. Pl.'s Compl. at p. 1; Def.'s Answer at pp. 1-2. He participated in the ERISA-governed FedEx National LTL, Health and Welfare Plan (the "Plan"), administered by Defendant. *Id.* On February 4, 2008, Plaintiff was injured in a motor vehicle accident. Pl.'s Compl. [1] at p. 2; Def.'s Answer [8] at p. 2. He applied for long-term disability (LTD) benefits under the Plan, and Defendant awarded Plaintiff LTD benefits from August 9, 2008, until August 9, 2009. *Id.* Defendant terminated Plaintiff's LTD benefits

effective August 9, 2009.  Pl.'s Compl. [1] at p. 2; Def.'s Answer [8] at p. 3.  Plaintiff filed an administrative appeal on July 20, 2009.  *Id.*  On August 12, 2009, Defendant upheld its decision to terminate Plaintiff's LTD benefits.  *Id.*

By letter dated December 2, 2011, Plaintiff requested that Defendant reconsider its termination decision based upon post-appeal evidence consisting of (1) an October 2011 statement from his treating physician, and (2) a decision from the Social Security Administration (SSA) finding him totally disabled.  Pl.'s Compl. [1] at p. 2; Def.'s Reply [17] at p. 4.  Defendant refused to consider this evidence and did not re-open the administrative proceedings.  Def.'s Reply [17] at p. 4.  On December 20, 2011, Plaintiff again wrote to Defendant, asking Defendant to consider the post-appeal evidence.  Pl.'s Compl. [1] at p. 3; Def.'s Answer [8] at p. 4.  Defendant did not respond to this letter.  *Id.*

On January 30, 2012, Plaintiff filed his Complaint [1] in this Court, alleging that Defendant arbitrarily and capriciously discontinued LTD benefits and wrongfully refused to consider the post-appeal evidence.  Pl.'s Compl. [3] at p. 3.  On May 18, 2012, Defendant filed a Motion to Remand [13] this matter to the claims administrator in order to allow the administrator an opportunity to consider the post-appeal, pre-suit evidence.  Mot. to Remand [13] at p. 1.  Defendant also requested that the Court administratively close this case, with leave for any party to move to reinstate it.  *Id.*

## II. DISCUSSION

In an ERISA dispute, parties are required to exhaust their administrative remedies before filing suit in federal court. *Bourgeois v. Pension Plan for Emps. of Santa Fe Int'l Corps.,* 215 F.3d 475, 479 (5th Cir. 2000). The district court sits in an appellate capacity, and reviews the administrative record to determine whether the plan administrator abused his or her discretion in denying benefits. *Holland v. Int'l Paper Co. Ret. Plan,* 576 F.3d 240, 247 (5th Cir. 2009). Once suit has been filed, the parties are not permitted, except under very limited circumstances, to supplement or expand the record. *Vega v. Nat'l Life Ins. Servs., Inc.,* 188 F.3d 287, 298-300 (5th Cir. 1999)(en banc), *abrograted on other grounds by Metro. Life Ins. v. Glenn,* 554 U.S. 105 (2008).

In *Vega,* an *en banc* Fifth Circuit declined to remand an ERISA claim to the plan administrator for additional evidentiary findings, reasoning as follows:

> In some special circumstances a remand to the administrator for further consideration may be justified. Here, however, the only issue in dispute was whether a material misrepresentation was made. We decline to remand to the administrator to allow him to make a more complete record on this point. We want to encourage each of the parties to make its record before the case comes to federal court, and to allow the administrator another opportunity to make a record discourages this effort. Second, allowing the case to oscillate between the courts and the administrative process prolongs a relatively small matter that, in the interest of both parties, should be quickly decided. Finally, we have made plain in this opinion that the claimant only has an opportunity to make his record before he files suit in federal court[;] it would be unfair to allow the administrator greater opportunity at making a record than the claimant enjoys.

*Id.* at 302 n.13. In a similar vein, the court in *Roig v. The Ltd. Long Term Disability Program,* No. Civ.A.99–2460, 2000 WL 1146522 (E.D. La. 2000), found:

> The Court sees a substantive, and not merely procedural danger with case-by-case alterations in the Plan's review process. It allows the administrator to deny claims on a cursory review, wait to see if the participant sues, and then use a "third review" to clean up the record for litigation.
> . . .
> It would also discourage the parties from making good faith efforts to resolve claims before suit is filed.

*Id.* at *7.

"Special circumstances" must exist before remand is justified. *Vega,* 188 F.3d at 300. Courts have found "special circumstances" justifying remand where new evidence arises that was unavailable prior to suit, but have refused to remand where the evidence existed prior to suit. *Hamburg v. Life Ins. Co. of N. Amer.,* No. 11-30874, 2012 WL 1698160, *3 (5th Cir. 2012)(finding remand improper where plaintiff had opportunity to provide claims administrator with SSA decision before suit); *Offutt v. Prudential Ins. Co. of Amer.,* 735 F.2d 948, 950 (5th Cir. 1984)("If new evidence is presented to the reviewing court on the merits of the claim for benefits, the court should, as a general rule, remand the matter to the plan administrator for further assessment."); *Mercer v. Life Ins. Co. of North Am.*, Civil Action No. 11-0372, 2012 WL 2309370, *23 (W.D. La. 2012)(declining to remand where plan administrator "already had the opportunity to consider the SSA decision, but declined to do so."); *Kelley v. Life Ins. Co. of N. Amer.,* No. 2:06cv176-KS-MTP, 2007 WL 2159366, *5 n.7 (S.D. Miss. 2007)(remanding where evidence became available only after administrative process

had been completed and suit was commenced); *Hedgepeth v. Blue Cross and Blue Shield of Miss.,* No. 1:05cv142-D-A, 2006 WL 2331191, *1 (N.D. Miss. 2006)("[N]ew evidence on the merits of Plaintiff's claim for benefits qualifies as a special circumstance sufficient to warrant this case being remanded to the plan administrator for further review."); *but see Moller v. El Campo Aluminum Co.,* 97 F.3d 85, 89 (5th Cir. 1996)(remanding where SSA decision produced prior to suit was not provided to doctors on the medical board who resolved administrative appeals); *Hartwell v. U.S. Foodservice, Inc.,* Civil Action No. 3:09cv260-DPJ-FKB, 2010 WL 3713496, (S.D. Miss. 2010)(remanding where evidence produced two years after final administrative appeal and one year prior to suit).

Defendant has not identified any evidence which was unavailable prior to suit, nor has it pointed to any other special circumstance warranting remand to the claims administrator. Plaintiff submitted the post-appeal, pre-suit evidence at issue to Defendant prior to suit. Defendant had an opportunity to consider the evidence at that time, but declined to do so. Each party must make its record before the case comes to federal court. *Robinson v. Aetna Life Ins. Co.,* 443 F.3d 389, 397 n.5 (5th Cir. 2006). Remanding this case would, in the words of *Vega,* "prolong[] a relatively small matter that, in the interest of both parties, should be quickly decided," and, furthermore, discourage parties from making good faith efforts to resolve claims before suit is filed.

## III. CONCLUSION

For the reasons more fully stated herein, Defendant's Motion to Remand should be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED**, that Defendant's Motion to Remand [13] the above styled and numbered cause to the claims administrator is **DENIED**.

**SO ORDERED AND ADJUDGED,** this the 17th day of July, 2012.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE